# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| CASE NUMBER | 02 C 6222 | DATE | 7/8/03 |
| CASE TITLE | CFTC v. Lofgren, et. al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Justin Sallusto's Motion to Intervene

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial [set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]. Justin Sallusto's Motion to Intervene is denied. Enter memorandum and opinion.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL - 9 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 63 |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | | | date mailed notice | |
| | JHC courtroom deputy's initials | 03 JUL -8 PM 1:50 Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | **DOCKET** JUL - 9 2003 |
| Plaintiff, | ) ) ) ) | |
| | ) | No. 02 C 6222 |
| JOHN MARTIN LOFGREN and, MELROSE ASSET MANAGEMENT CORPORATION, | ) ) ) ) | The Honorable William J. Hibbler |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

In this enforcement action brought by the CFTC, an individual investor, Justin Sallusto, has filed a motion to intervene pursuant to Fed.R.Civ.P. 26(a)(2). For the reasons below, the motion is denied.

### I. Discussion

The present motion to intervene was filed by an individual, Justin Sallusto, a private investor in two commodity pools, The Melrose Fund, L.L.C., and the Melrose Agricultural Fund, managed by defendants. The CFTC initiated the present action after discovering improprieties in the operation of one of the two pools, The Melrose Fund. To prevent further dissipation, the Court appointed an equity receiver to marshal and preserve both funds' assets. Sallusto claims that the Receiver refuses to distribute his roughly $30,000 interest in the Melrose Agricultural Fund and is instead holding his property "in escrow" in anticipation of a future claim against Sallusto, perhaps regrading his complicity in defendants' illegalities. Sallusto also claims that the

1

63

Receiver has indicated that he may not distribute Sallusto's interest in the Melrose Fund because Sallusto previously redeemed his interest in the fund for a profit. Accordingly, Sallusto contends that he needs to intervene in this action because his investments in the funds are at risk of being impaired and his interests are not being adequately represented by the parties in this case. In response, CFTC first argues that Sallusto's motion to intervene is procedurally defective. Alternatively, CFTC argues that Sallusto has not established that his interests will be impaired by the disposition of this action or that his interests are not adequately represented by the existing parties.

a. Procedurally Defective

CFTC claims that Sallusto's motion is procedurally defective because it does include "a pleading setting forth the claim or defense for which intervention is sought," as specifically required by Fed.R.Civ.P. 24(c) (Procedure). CFTC is correct to highlight Sallusto's procedural noncompliance. However, the Court will not deny the motion to intervene on these grounds alone. The Seventh Circuit does not advocate a strict interpretation of Rule 24(c), particularly if no prejudice would result by the putative intervener's omission. *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993). As the CFTC has not articulated any prejudice, a liberal construction is appropriate here.

b. Intervention of Right

Sallusto's motion is brought pursuant to Federal Rule of Civil Procedure 24(a)(2) (Intervention of Right). Four requirements must be satisfied for Sallusto to intervene as a matter of right in the CFTC action: 1) his application must be timely; 2) he must have an interest relating to the subject matter of the main action; 3) as a practical matter, that interest must be at

least potentially impaired by the disposition of that action in his absence; and 4) that interest may not be already adequately represented by one of the existing parties to the action. *CFTC v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *N.A.A.C.P. v. New York*, 413 U.S. 345, 369 (1973). The real disputes in this case involves the last two Rule 24(a)(2) requirements, i.e., whether or not Sallusto's interest in the aforementioned funds may be impaired by disposition of the CFTC enforcement action without Sallusto, and if so, whether or not the CFTC can adequately represent that interest so that Sallusto's intervention is not necessary. The Court concludes that Sallusto can protect its interest in the funds by asserting his claims against the Receiver in other available forums. Furthermore, to the extent the Sallusto's interest could be impaired by the Receiver's actions, that interest is adequately represented by the CFTC. Therefore, the Court denies the pending motion to intervene.

    1.    Impaired Interest

Sallusto's interests in the funds will not be impaired by the disposition of this action because he has at least two alternate forums in which to press his claims against the Receiver. First, and preferably, Sallusto may continue to assert his claim in the claims procedure established by the Receiver and supervised by this Court. At this point, the Receiver has not flatly refused to distribute Sallusto's $30,000 interest in Melrose Agricultural Fund, but rather is holding the money "in escrow," pending further investigation. Perhaps the parties might yet reach an

amicable resolution.[1] But if the Receiver continues to withhold Sallusto's money, Sallusto may sue the Receiver directly to recover the property allegedly wrongfully held by the Receiver. Presenting his claims in either of these forums will not prejudice Sallusto in his ability to protect his interest in the funds. And there is no question that Sallusto may obtain district court review of any unfavorable decision of the Receiver before the Receiver disburses funds being held "in escrow" to other parties, as the district court's approval of such disbursements is necessary. Thus, as a practical matter, Sallusto's interest in the funds will not be impaired if his claims are presented in a forum other than the main CFTC enforcement action. *See Heritage*, 736 F.2d at 386 (affirming denial of motion for intervention as of right by investor in CFTC enforcement action, as investor was able to either assert its claim in the "claims procedure established by the receiver and supervised by the district court" or to sue court-appointed receiver directly for return of assets); *CFTC v. Chilcott Portfolio Management, Inc.*, 725 F.2d 584, 586 (10th Cir. 1984) (same).

This reasoning accords with the general law and practice of receivers:

> However, when a general receiver is appointed of the property of an individual or a corporation for the purpose of collecting and administering the property and distributing it among all those entitled to receive it, then a different situation is presented. The court in such a case will generally make an order directing creditors to present their claims to the receiver. By presenting the claim to the receiver a creditor becomes a quasi-party to the suit. Such a presentation of claims is not equal to an intervention or the brining of a separate suit. If the claim, however, is rejected in whole or in part by the receiver ... then the claimant may apply to the court for adjudication of the claim, which application is in the nature of an appeal from the decision of the receiver.... [A] general creditor will not ordinarily be allowed to intervene in the receivership case when as appears on the face of his petition, his rights are fully protected by filing his claim.

---

[1] Regarding Sallusto's interest in the Melrose Fund, it does not appear that the Receiver has made a determination concerning distribution to Sallusto. Therefore, any claims regarding the Receiver's distribution of the Melrose Fund are not ripe for contest.

*A Treatise on the Law and Practice of Receivers*, §541(a), (3rd Ed. 1959)(emphasis added).

Also, as a matter of policy, the result suggested above is preferable to having individual investors in analogous situations be allowed to intervene and become full-fledged parties to litigation started by the government. *See generally Securities and Exchange Commission v. Everest Management Corporation*, 475 F.2d 1236 (2nd Cir. 1972).

### 2. Adequately Represented

Two potential parties represent Sallusto interests, the CFTC and the Receiver. The CFTC's goal is to protect the public at large and to stop and deter the future violations of the law. These goals differ slightly from Sallusto's desire to maximize his own recovery. Thus, it would appear that the CFTC will adequately represent Sallusto's interests insofar as they are primarily concerned with preventing defendants from further dissipating the funds. On the other hand, the Reciever's interests could potentially conflict with Sallusto's goal of maximizing his own recovery. The Receiver's is not concerned with maximizing Sallusto's individual recovery but rather is concerned with maximizing distribution to defrauded investors as a collective group. In this sense, it could be argued that the Receiver will not adequately represent Sallusto's interests, particularly in this case, where the Receiver has indicated a hesitancy to distribute monies to Sallusto. This potential for inadequate representation should not serve as sufficient grounds for allowing intervention however. As discussed above, the availability of alternate forums provides an suitable and preferable method for Sallusto to insure that his interests do not go unprotected.

### II. Conclusion

Sallusto can adequately protect his interests by filing claims with the Receiver through the

claims procedure established by the Receiver and supervised by this Court. If Sallusto disagrees with the Receiver's determinations he may challenging those determinations in this Court by suing the Receiver directly, rather than by seeking to intervene in this action.

IT IS SO ORDERED.

July 8, 2003

_____
Judge John W. Darrah
United States District Court